Loren J. O'Toole II
O'TOOLE LAW FIRM
209 North Main Street
P.O. Box 529
Plentywood, MT  59254-0529
Phone:  (406) 765-1630
Fax: (406) 765-2945
Email: otoole@otoolelawmt.com

Attorney for Plaintiff,
Lund Mineral Trust

IN THE DISTRICT COURT OF THE UNITED STATES

DISTRICT OF MONTANA

BILLINGS DIVISION

---------------------------------------------------

| | |
|---|---|
| LUND MINERAL TRUST, | ) CV-20-72-BLG-SPW-TJC |
| | ) |
| Plaintiff, | ) Civil Cause No. _____ |
| | ) |
| -vs- | ) COMPLAINT |
| | ) |
| KRAKEN OIL & GAS, LLC; KOCH | ) |
| EXPLORATION COMPANY, LLC; | ) |
| SLAWSON EXPLORATION COMPANY, | ) |
| INC; BROOKOVER ENTERPRISES; | ) |
| VIERSON OIL & GAS CO; STEEL | ) |
| HOLDINGS, INC; KEPASA CORP; | ) |
| KONA OIL & GAS PROPERTIES; | ) |
| CONTINENTAL RESOURCES, INC; | ) |
| SHARP SEEDS, LLC; SWC | ) |
| PRODUCTION, INC; BMNW | ) |
| RESOURCES, LLC; ANDERSON OIL | ) |
| & GAS, INC; STROUBE ENERGY | ) |
| CORPORATION; EDWARD L. ERVIN; | ) |
| MARILYN JOY ERVIN; SABINE | ) |
| OIL & GAS CORPORATION; | ) |
| KRAKEN ROYALTY PARTNERS, LLC; | ) |

```
LBD, INC; MIKE A. DAVIS; JIM     )
C. DAVIS; DAVIS INVESTMENT       )
LIMITED PARTNERSHIP, LTD;        )
PAT DAVIS DODSON; MICHAEL        )
KERNEN; JOHN BRUCE BRANSON       )
REVOCABLE TRUST; PATRICIA A.     )
BRANSON REVOCABLE TRUST; BAR     )
1, LLC; JAMES L. ROBBINS;        )
LINDA ROBBINS; CECIL B.          )
WOHLFORD; CAROL L. WOHLFORD;     )
WILLIAM G. DUTTON; DELMER F.     )
CHAPMAN; PHYLLIS J. CHAPMAN;     )
ROBERT F REINER; BEVERLY  B.     )
REINER; HNL ROYALTY COMPANY;     )
DRAGON ROYALTIES; DAVID J.       )
PERRIN; TERRY W. WAGES; SALLY    )
J. FISHER; BRANT A. FISHER       )
AND JOHN DOES 1-100,             )
                                 )
                Defendant.       )
```

-----------------------------------------------------

COMES NOW the Lund Mineral Trust (herein the "Trust") by and through its Trustees, Harlan K. Lund, Bruce E. Freeman, and Blake Rasmussen and for its cause of action states as follows:

### **PARTIES**

1.    Harlan K. Lund, Bruce E. Freeman and Blake Rasmussen are the duly appointed Trustees of the Trust.

2.    The Trust is duly formed under Montana law with its principal place of business in Sheridan County, Montana.

3.    Defendant Kraken Oil & Gas, LLC ("Kraken") is a Delaware limited liability company with its principal place of business at 9821 Katy Freeway, Suite 460, Houston, Texas 77024.

2

4.    Defendant Koch Exploration Company, LLC, f/k/a Koch Exploration Company, is a Delaware limited liability company, with its principal place of business 4111 E. 37th Street North, Wichita, Kansas 67220.

5.    Defendant Slawson Exploration Company, Inc. is a Kansas corporation with its principal place of business at 727 N. Waco, Suite 400, Wichita, Kansas 67203.

6.    Defendant Brookover Enterprises is a Kansas general partnership with its principal place of business at P.O. Box 917, Garden City, Kansas 67846.

7.    Defendant Viersen Oil & Gas Co. is an Oklahoma corporation with its principal place of business at 7130 South Lewis, Suite 200, Tulsa, Oklahoma 74136.

8.    Defendant Steel Holdings, Inc. is an Oklahoma corporation with its principal place of business at 430 Neustadt Plaza, Ardmore, Oklahoma 73401.

9.    Kepasa Corp. is an Oklahoma corporation with its principal place of business at 320 NW 16th Street, Oklahoma City, Oklahoma 73103.

10.   Kona Oil & Gas Properties is a limited partnership with its principal place of business at 1302 West Avenue, Austin, Texas 78701.

11.   Defendant Continental Resources, Inc. is an Oklahoma corporation with its principal place of business at 20 North

3

Broadway, Oklahoma City, Oklahoma 73102.

12. Defendant Sharp Seeds, LLC, is a Kansas limited liability company with its principal place of business at 3009 N. Cottonwood, Healy, Kansas 67850.

13. Defendant SWC Production, Inc. is an Oklahoma Corporation with its principal place of business at 210 Park Avenue #2820, Oklahoma City, Oklahoma 73102.

14. Defendant BMNW Resources, LLC, is a Texas limited liability company with its principal place of business at 6440 North Central Expressway, Dallas, Texas 75206.

15. Defendant Anderson Oil & Gas, Inc. is a Texas corporation with its principal place of business at P.O. Box 12225, Dallas, Texas 75225.

16. Defendant Stroube Energy Corporation is a Texas corporation with its principal place of business at 915 One Energy Square, 4925 Greenville Avenue, Dallas, Texas 75206.

17. Defendant Edward L. Ervin is a resident of Littleton, Colorado and domiciled in Colorado at 1081 West Dry Creek Road, Littleton, Colorado 80120.

18. Defendant Marilyn Joy Ervin is a resident of Littleton, Colorado and domiciled in Colorado at 1081 West Dry Creek Road, Littleton, Colorado 80120.

19. Defendant Sabine Oil & Gas Corporation is a New York corporation with its principal place of business located at 1415

4

Louisiana, Suite 1600, Houston, Texas 77002.

20. Defendant Kraken Royalty Partners, LLC, is a Delaware limited liability company with its principal place of business located at 9821 Katy Freeway, Suite 460, Houston, Texas 77024.

21. Defendant LBD, Inc. also known as LBD Operations, Inc. is an Arkansas corporation with its principal place of business located at 5008 Hawthorne Road, Little Rock, Arkansas 72207.

22. Defendant Mike A. Davis is a resident and domiciled in Arkansas whose mailing address is P.O. Box 308, Magnolia, Arkansas 71753.

23. Jim C. Davis aka Jim Davis is a resident and domiciled in Arkansas whose mailing address is 309 South Myrtle, Warren, Arkansas 71971.

24. Defendant Davis Investment Limited Partnership, LTD, is a Texas limited partnership with its principal place of business located at 6 Twelve Pine Court, Woodlands, Texas 77381.

25. Defendant Pat Davis Dodson is an Arkansas resident and domiciled in Arkansas whose mailing address is 10 Longfellow Lane, Little Rock, Arkansas 72207.

26. Defendant Michael Kernen is an Oklahoma resident and domiciled in Oklahoma with a mailing address of 1312 Shelley Lane, Edmond, Oklahoma 73034.

27. Defendant John Bruce Branson Revocable Trust dated November 1, 2014, is a Colorado trust with its principal place of

business located at 27778 Road P, Delores, Colorado 81323.

28. Defendant Patricia A. Branson Revocable Trust dated November 1, 2014, is a Colorado trust with its principal place of business located at 532 Cajetan Street, Fort Collins, Colorado 80524.

29. Defendant Bar 1, LLC, is an Arizona limited liability company with its principal place of business located at 5503 East Sheena Drive, Scottsdale, Arizona 85254.

30. Defendants James L. Robbins and Linda Robbins are residents of Kansas and domiciled in Kansas at 1203 North Covington Circle, Wichita, Kansas 67230.

31. Defendants Robert Todd Slawson, Trustee of the Todd Slawson Trust dated December 20, 2010, is a Kansas trust with its principal place of business located at 727 North Waco Ave, Suite 400, Wichita, Kansas 67230.

32. Defendants Cecil B. Wohlford and Carol L. Wohlford are Co-Trustees of the Cecil B. Wohlford and Carol A. Wohlford Revocable trust whose principal place of business is 14215 Brookline Court, Wichita, Kansas 67230.

33. Defendant William G. Dutton is a resident of Kansas and domiciled in Kansas at 418 North Timberridge Circle, Wichita, Kansas 67230-6637.

34. Defendants Delmer F. Chapman and Phyllis J. Chapman are residents of Utah and domiciled in Utah at 150 N 3050 East TRLR 97,

Saint George, Utah 84790.

35. Robert F. Reiner and Beverly B. Reiner are residents of Wyoming with a mailing address of 6021 South Poplar Street, Casper, Wyoming 82601 and domiciled in Wyoming.

36. Defendant HNL Royalty is a Texas corporation whose principal place of business is located at 1801 West Texas Avenue, Midland, Texas 79701.

37. Defendant Dragon Royalties is a Texas limited liability company whose principal place of business is Midland, Texas.

38. Defendants Beverly B. Reiner and Robert F. Reiner, Trustees of the Beverly B. Reiner and Robert F. Reiner Joint Revocable Living Trust dated April 24, 2006, are residents of Wyoming domiciled in Wyoming with the trust's principal place of business located at 6021 South Poplar Street, Casper, Wyoming 82601.

39. Defendant David J. Perrin is a resident of Florida and domiciled in Florida at 3773 Eagle Hammock Drive, Sarasota, Florida 34240.

40. Defendant Terry W. Wages is a resident of Kansas and domiciled in Kansas at 7216 Southwest Palace Dr, Topeka, Kansas 66610.

41. Defendant Sally J. Fisher and Brant A. Fisher are residents of Kansas and domiciled in Kansas at 1507 South Blue Sage Circle, Wichita, Kansas 67230.

42. Plaintiffs are unaware of the true names or capacities, whether individuals or business entities, of Defendants John Does 1-100 and therefore names them by such fictitious names and will seek leave of the Court to insert true names and capacities once they have been ascertained.

### JURISDICTION AND VENUE

43. The Court has jurisdiction under 28 U.S.C. §1332 because complete diversity of citizenship exists between the Plaintiff and all Defendants and the amount in controversy exceeds $75,000.

44. Venue is proper as the dispute involves interests in real property located in Richland County, Montana, which lies within the Billings Division of the United States District Court for the District of Montana.

### FACTS

45. The Trust is the owner of all of the minerals underlying the following described real property in Richland County, Montana:

> TOWNSHIP 25 NORTH, RANGE 59 EAST, MPM
> Sections: SE4NW4, NW4SE4, NE4SW4, SW4NE4

46. On November 28,1983, Dannette L. Rasmussen, Hertha L. Lund and George S. Lund, Trustees of the Trust entered into an Oil and Gas Lease (the "1983 Lease") recorded on December 9, 1983, at Book E184, pages 928-929 in the miscellaneous records of the Richland County Clerk and Recorders Office.

A true and correct copy of the 1983 Lease is attached hereto as Exhibit "A" and incorporated herein as though fully set forth in

this place.

47.   The 1983 Lease provided for a term of "Five (5) years from date and as long thereafter as oil or gas of whatsoever nature or kind, or either of them is produced from said land or premises pooled therewith or drilling operations are continued as herein provided." (See Lease attached as Ex. A. ¶.2)

48.   On or about October 17, 1988, the Trustees of the Trust along with the lessees who owned an interest in the 1983 Lease at that time executed an Oil and Gas Amendment (the "Amendment"). A true and correct copy of the Amendment is attached hereto as Exhibit "B" and incorporated herein as though fully set forth in this place.

### THE LUND 1-5 WELL

49.   On or about August 19, 1987, Donald C. Slawson began drilling the Lund 1-5 well located in the NE4SW4 of Section 5, Township 25 North, Range 59 East, MPM, in Richland County, Montana, completing the Lund 1-5 well as a Ratcliffe producer on or about November 8, 1987.

50.   The Lund 1-5 well was completed with Ratcliffe perforations from 8,924 feet to 8,950 feet.

51.   White Rock Oil & Gas, LLC became the operator of the Lund 1-5 well.

52.   An operator of an oil and gas well is required to file monthly production reports with the Montana Board of Oil and Gas

9

Conservation (herein "the Board").

53. The Board maintains well production history on its website.

54. A true and correct copy of the history of the well production from May 31, 2003 through December 31, 2019 for the Lund 1-5 well is attached hereto as Exhibit "C" and incorporated herein by reference as though fully set forth in this place.

55. The report shows no production from the Lund 1-5 well from July 1, 2017 to October 31, 2018 and no production from December 1, 2018 to October 31, 2019.

56. The 1983 Lease from the Trust expired by its own terms as to the SW4 of Section 5, Township 25 North, Range 59 East, Richland County, Montana.

57. On April 12, 2019, the Trust entered into a new oil and gas lease with White Rock Oil & Gas GP II, LLC, covering the NE4SW4 of Section 5, Township 25 North, Range 59 East, MPM, recorded at Book E 440, pages 544-48, on May 13, 2019, in the miscellaneous records of the Richland County Clerk and Recorder. A true and correct copy of this lease is attached as Exhibit "D".

58. The above described lease states, "Notwithstanding anything to the contrary contained herein, this lease is limited to and includes only the Ratcliffe Formation, and no other formation, zone or interval is covered hereby."

59. All formations, zones, or intervals under the NE4SW4 of

Section 5, Township 25 North, Range 59 East, MPM, Richland County, Montana with the exception of the Ratcliffe Formation are unleased.

## FOUR MILE 4-5 WELL

60. On or about May 1, 1988. Meridian Oil, Inc. began drilling the Four Mile 4-5 well located in the NE4NW4 of Section 5, Township 25 North, Range 59 East, MPM, in Richland County, Montana completing the Four Mile 4-5 well as a Ratcliffe producer on or about June 29, 1988.

61. The Four Mile 4-5 well was completed with Ratcliffe perforations from 8,930 feet to 8,951 feet.

62. The Four Mile 4-5 well ceased operations on July 5, 2017 and did not rig up until September 27, 2017.

63. The 1983 Lease has expired by its own terms as to the SE4NW4  of Section 5, Township 25 North, Range 59 East, Richland County, Montana.

64. On June 18, 2019, but effective October 1, 2017, the Trust entered into a new lease with White Rock Oil & Gas GP II, LLC covering the SE4NW4 of Section 5, Township 25 North, Range 59 East, MPM, Richland County, Montana. A true and correct copy of this lease is attached hereto as Exhibit "E".

65. The aforementioned lease contains the following provisions:

> Notwithstanding anything to the contrary contained herein, this lease is limited to those depths from surface to 9,271 feet, being the total depth drilled in the Four Mile 4-5

11

well (API#25083217680000).

66.   All formations deeper than 9,271 feet, which includes the Bakken/Three Forks Formations under the SE4NW4 of Section 5, Township 25 North, Range 59 East, MPM, Richland County, Montana, owned by the Trust are unleased.

### TRUST 2-5 WELL

67.   On or about November 24, 1988 Donald C. Slawson, began drilling the Trust 2-5 well located in the NW4SE4 of Section 5 completing the well as Ratcliffe producer on or about January 28, 1989.

68.   The Trust 2-5 well was completed with perforations between 8,955 feet and 8,985 feet.

69.   The drilling and spacing unit for the Trust 2-5 well was the SE4 of Section 5, Township 25 North, Range 59 East, MPM, Richland County, Montana.

70.   The Trust 2-5 well ceased production on or about November 1, 2016 and no oil or gas was produced from this well for at least a year. A true and correct copy of the well production for the Trust 2-5 well as maintained by the Board is attached hereto as Exhibit "F".

71.   The 1983 Lease expired by its own terms as to the NW4SE4 of Section 5.

72.   On April 12, 2019, the Trust entered into a new oil and gas lease with White Rock Oil & Gas GP II, LLC covering the NW4SE4

of Section 5, Township 25 North, Range 59 East, MPM, Richland County, Montana.

73. The aforementioned lease contains the following provision:

> Notwithstanding anything to the contrary contained herein, this lease is limited to and includes only the Ratcliffe formation and no other formation, zone or interval is covered hereby.

74. The lease set forth as Exhibit "G" has a primary term of 90 days.

75. Because the 90 primary term was about to expire the parties entered into an extension. A true and correct copy is attached hereto as Exhibit "H".

76. The 1983 Lease attached as Exhibit "A" has expired by its own terms, and all formations other than the Ratcliffe formation owned by the Trust under the SE4 of Section 5, Township 25 North, Range 59 East, MPM, Richland County, Montana are unleased.

## FLETCH 5-8 #1H WELL

77. On October 21, 2017, Kraken Operating LLC (herein "Kraken") spudded the Fletch 5-8 #1H well.

78. The Fletch 5-8 #1H well is a horizontal Bakken/Three Forks well.

79. The Fletch 5-8 #1H well never physically penetrated any of the mineral acres owned by the Trust.

80. At the time the Fletch 5-8 #1H well was drilled, the only

acreage owned by the Trust that was under lease was the SW4NE4 of Section 5, Township 25 North, Range 59 East MPM, Richland County, Montana.

81. Kraken applied to the Board to create a permanent spacing unit comprised of all of Sections 5 and 8, Township 25 North, Range 59 East, Richland County, Montana for the production of oil and associated natural gas from the Bakken/Three Forks Formation with respect to the Fletch 5-8 #1H well sometime in July, 2018.

82. Simultaneously with its spacing application Kraken filed a pooling application with the Board to pool all of Sections 5 and 8, Township 25 North, Range 58 East, MPM, Richland County, Montana.

83. On August 9, 2018, the Board heard Kraken's application for permanent spacing and pooling.

84. The Board granted the application for permanent spacing and then the application for pooling on August 9, 2018 by Order 34-2018 and Order 35-2018, respectively. See Exhibits "I" and "J" attached.

85. These orders represent the first time that the Trust minerals were permanently spaced and pooled for the Bakken/Three Forks Formation.

86. At the time of the Board's orders the NE4SW4, N4W4SE4, SE4NW4 of Section 5 were not leased for the Bakken/Three Forks Formation.

## FLETCH 5-8 #2, #3, #4, and #5 WELLS

87.   Kraken filed an application with the Board to drill four additional Bakken/Three Forks wells within the permanent spacing unit comprised of Sections 5 and 8, Township 25 North, Range 59 East, Richland County, Montana, in the late summer or fall of 2018.

88.   The Board held a hearing on October 4, 2018, and the application to drill four more horizontal wells was granted by Board Order 57-2018. See Exhibit "K" attached.

89.   Kraken never sent an authorization for expenditure for the Trust to participate in any of the Fletch wells.

90.   Kraken drilled and completed the Fletch 5-8 #2H well, the Fletch 5-8 #3H well, the Fletch 5-8 #4H well and the Fletch 5-8 #5H well after the October 4, 2018 hearing before the Board.

91.   Kraken filed an application with the Board to pool all of the interest comprised of Sections 5 and 8, Township 25 North, Range 59 East, MPM, Richland County, Montana in the summer of 2019.

92.   The Board held a hearing on August 15, 2019 and granted Kraken's application to pool all of the interests in Sections 5 and 8, Township 25 North, Range 59 East, MPM, Richland County, Montana on the basis of surface acres for production of oil and associated natural gas from the Bakken/Three Forks Formation. See Exhibit "L" attached.

93.   There is no valid, existing oil and gas lease in effect

on the Trust's minerals for the Bakken/Three Forks Formation in the NE4SW4, SE4NW4, NW4SE4 of Section 5, Township 25 North, Range 59 East, MPM, Richland County, Montana.

## COUNT I

### Quiet Title Action

94.   The Trust incorporates Paragraphs 1-95 as though fully set forth in this place.

95.   The Trust is the owner, in fee simple, of the entire mineral estate in and under the NE4SW4, SE4NW4, NW4SE4 of Section 5, Township 25 North, Range 59 East, MPM, Richland County, Montana (herein sometimes referred to as the "subject property").

96. This action is a quiet title action against all persons, known and unknown, including all named defendants who claim or may claim any right, title, or interest, or lien on encumbrance adverse to the Trust's subject property of depths below the Ratcliffe formation pursuant to M.C.A § 70-28-101 et seq.

97. The real property involved is the mineral estate below the Ratcliffe formation located in Richland County, Montana, more particularly described as follows:

> TOWNSHIP 25 NORTH, RANGE 59 EAST
> Section 5: SENW, NW4SE4, NE4SW4

98. The Trust has been and now is the owner of the above described mineral interest, the subject property.

99. The Trust believes and alleges that the Defendants claim

or assert, or may claim or assert, an interest or estate or lien on the mineral estate, the subject property, described above by virtue of the 1983 Lease attached hereto as Exhibit "A".

100. That each of said claims are invalid and without merit, and that the Defendants have no right, title, estate or interest in, or lien or encumbrance upon, the said subject property or any part thereof, adverse to the Trust's mineral interest.

### COUNT II

### DECLARATORY JUDGMENT

101. The Trust incorporates Paragraphs 1-102 as though fully set forth in this place.

102. A case and controversy exists between the parties that warrants declaratory relief.

103. The Trust is entitled to a declaratory judgment pursuant to M.C.A. § 27-8-201 et seq. that the subject property owned by the Trust is owned free and clear of any lease, claim, encumbrance or interest of the Defendants and anyone claiming an interest in the subject property under or through the Defendants.

### COUNT III

### CONVERSION

104. The Trust incorporates paragraphs 1 through 105 as though fully set forth in this place.

105. The Trust is the owner of the minerals in and under the

17

subject property.

106. Kraken is the operator of the Fletch 5-8 #1H well, the Fletch 5-8 #2H well, the Fletch 5-8 #3 well, the Fletch 5-8 #4 well and the Fletch 5-8 #5H well in Sections 5 and 8. Township 25 North, Range 59 East, Richland County, Montana (herein the "Fletch wells").

107. As the owner of all the oil, gas and other minerals in and under the subject property the Trust is entitled to all of the minerals that have been produced and saved therefrom.

108. Defendants have no right, title or interest to the subject property, or any of the oil, gas or other minerals produced or saved therefrom.

109. The Defendants have converted and continue to convert the Trust's property by producing oil, gas and/or other minerals from the Fletch wells.

110. As a result of Defendants' conversion, the Trust has suffered damages and continues to suffer damages as a direct and proximate result of Defendants' exercise of dominion and control over the subject property and the oil, gas and other minerals produced and saved therefrom.

111. The Trust is entitled to the value of the property at the time of conversion with interest, or the highest market value of the property at any time between the conversion and the verdict without interest at the option of the Trust under M.C.A.

18

§ 27-1-320.

## COUNT IV

### TRESPASS

112. The Trust incorporates Paragraphs 1-113 as though fully set forth in this place.

113. The Defendants have committed a trespass upon the subject property owned by the Trust in that the Fletch 5-8 #2 well through the Fletch 5-8 #5 well have physically penetrated the subject property owned by the Trust without the Trust's permission and without any legal right to do so.

114. A true and correct copy of the Fletch 5-8 #2 well through the Fletch 5-8 #5 well is attached as Exhibit "M" showing that these wells have physically trespassed across the subject property which is Tract E on Exhibit "M".

115. As a result of the Defendants' trespass upon the subject property the Trust has sustained damages.

## COUNT V

### ACTION FOR ACCOUNTING

116. The Trust incorporates Paragraphs 1-117 as though fully set forth in this place.

117. Defendants are in possession of oil, gas and other minerals, and proceeds from the sale of oil, gas and other minerals that belong to the Trust, and records of the production.

118. The Trust is the rightful owner of all oil, gas and

other minerals that have been and continue to be produced from the subject property.

119. The Defendants must be made to provide an accounting for all oil, gas, and other minerals and the proceeds for all oil, gas and other minerals to the Trust.

WHEREFORE, having fully set forth its claims, the Trust prays for judgment as follows:

1. For a judgment quieting title to the subject property in favor of the Trust and against all defendants;

2. For a judgment declaring that the subject property is owned free and clear by the Trust, free and clear of any lease, claim, encumbrance or interest of the Defendants or anyone claiming under them and that Defendants have no claim, right, title or interest in the subject property;

3. For a judgment declaring and adjudging that the Trust is the absolute owner of the subject property and is entitled to the quiet and peaceful possession of the subject property;

4. That the Defendants are permanently enjoined from asserting any claim, estate, right, title, lien or interest in the subject property by the 1983 Lease attached as Exhibit "A" as amended by Exhibit "B" as the 1983 Lease has expired by its own terms;

5. For a judgment against the Defendants who have converted the Trust's oil, gas and other minerals for the value of the

20

minerals at the time of conversion or the highest market value of the minerals between the time of conversion and the verdict;

6. For an amount of damages to compensate the Trust for the trespass by the Defendants on the Trust's subject property;

7. For a judgment against the Defendants requiring an accounting of any and all production and production proceeds that any of them have received from all the Fletch wells since they began producing, including repayment of all proceeds;

8. For prejudgment interest;

9. For costs of suit;

10. For attorney's fees to the extent they are allowed under Montana law;

11. For such other and further relief as the Court may deem just or equitable.


DATED this 27th day of MAY , 2020.


By: _____
Loren J. O'Toole II
O'TOOLE LAW FIRM
209 North Main Street
P.O. Box 529
Plentywood, MT 592540529
Phone: (406) 765-1630
Fax: (406) 765-2945
Email:otoole@otoolelawmt.com

Attorney for Plaintiff
Lund Mineral Trust