IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| LUND MINERAL TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>KRAKEN OIL & GAS, LLC, et al.,<br><br>Defendants. | CV 20-72-BLG-SPW-TJC<br><br>**FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

Plaintiff Lund Mineral Trust ("Plaintiff") filed this action on May 29, 2020, alleging five state law causes of action against Defendants. (Doc. 1.) Plaintiff alleged this Court has jurisdiction under 28 U.S.C. § 1332 "because complete diversity of citizenship exists between the Plaintiff and all Defendants and the amount in controversy exceeds $75,000." (*Id.* at ¶ 43.)

Presently before the Court is Defendants Kraken Oil & Gas, LLC and Kraken Royalty Partners, LLC's (the "Kraken Defendants") Motion to Dismiss (Doc. 6), which has been referred to the undersigned under 28 U.S.C. § 636(b)(1)(B).

Having considered the parties' submissions, the Court finds diversity jurisdiction is lacking, and therefore, **RECOMMENDS** the Kraken Defendants' Motion to Dismiss be **GRANTED**.

/ / /

1

## I.     DISCUSSION

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal district courts have original jurisdiction over actions "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and in actions where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. Complete diversity of citizenship requires each of the plaintiffs to be a citizen of a different state than each of the defendants. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of its members. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

When Plaintiff filed this action, Plaintiff alleged that it is a trust formed under Montana law, with its principle place of business in Montana. (Doc. 1 at ¶ 1.) Plaintiff further alleged Defendant Kraken Oil & Gas, LLC is a Delaware limited liability company with its principle place of business in Texas, and Defendant Kraken Royalty Partners, LLC is a Delaware limited liability company

with its principle place of business in Texas.[1]  (*Id.* at ¶¶ 3, 20.)  Plaintiff, however, failed to allege any facts regarding the citizenship of the members of Kraken Oil & Gas, LLC or Kraken Royalty Partners, LLC.[2]

The Kraken Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(1) on grounds that complete diversity does not exist because one of Kraken Oil & Gas LLC's members is a citizen of Montana.  In response, Plaintiff agrees that complete diversity does not exist, and that dismissal is appropriate.  Accordingly, in light of the parties' agreement that diversity jurisdiction is lacking, the Court recommends that the Kraken Defendants' motion be granted, and this action be dismissed.

The Kraken Defendants have also requested costs pursuant to 28 U.S.C. § 1919.  Section 1919 provides:  "Whenever any action or suit is dismissed in any district court . . . for want of jurisdiction, such court may order the payment of just costs." 28 U.S.C. § 1919.  The award of costs under § 1919 is discretionary.  *Otay Land Co. v. United Enterprises Ltd.,* 672 F.3d 1152, 1157 (9th Cir. 2012) ("In

---

[1] Plaintiff also included allegations concerning the citizenship of the other 40 Defendants, which indicated none were citizens of Montana.  (Doc. 1 at ¶¶ 4-41.)
[2] Plaintiff also failed to address the citizenship of the members of Defendants Koch Exploration Company, LLC; Kona Oil & Gas Properties, Limited Partnership; Sharp Seeds, LLC; BMWN Resources, LLC; Davis Investment Limited Partnership, LTD; Bar 1, LLC; and Dragon Royalties, LLC.  (*Id.* at ¶¶ 4, 10, 12, 14, 24, 29, 37.)

determining "just costs" under 28 U.S.C. § 1919, a district court should consider what is most fair and equitable under the totality of the circumstances.").

Here, Plaintiff arguably should have been more diligent in inquiring into the citizenship of the various LLC's members before filing this action in federal court. Nevertheless, the Court cannot conclude Plaintiff's conduct was objectively unreasonable on this record.  As Plaintiff points out, it is difficult to determine the membership of a limited liability company at the outset of litigation.  Further, once Plaintiff was provided with Kraken Oil & Gas LLC's membership, Plaintiff conceded the basis for diversity jurisdiction was lacking, and did not oppose dismissal.  The totality of the circumstances, therefore, does not support an award of costs.  *See e.g. Hylte Bruks Aktiebolag v. Babcock & Wilcox Co.*, 305 F. Supp. 803, 810 (S.D.N.Y. 1969) (holding the circumstances did not warrant costs under §1919 where there was no indication of "fraud or trickery practiced upon th[e] court or upon the defendant").

Accordingly, the Court recommends the Kraken Defendants' request for costs be denied.

### III.   CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the Kraken Defendants' Motion to Dismiss (Doc. 16) be **GRANTED**, and that their request for costs be **DENIED**.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

DATED this 2nd day of November, 2020.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge